NUKK-FREEMAN & CERRA, P.C.
Chatham Executive Center
26 Main Street, Suite 301
Chatham, NJ 07928
973-665-9100
*Attorneys for Defendant MetLife, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DEBRA MEEHAN,<br>Plaintiff,<br>v.<br>OASIS OUTSOURCING II, INC., JARAIEDI FINANCIAL GROUP AND METLIFE, INC.,<br>Defendants. | : | Civil Action:<br><br>**DEFENDANTS' JOINT NOTICE OF REMOVAL** |

**TO: The Honorable Judges**
**United States District Court**
**District of New Jersey**
**Clarkson S. Fisher Building & U.S. Courthouse**
**402 East State Street**
**Trenton, NJ 08608**

Defendant MetLife, Inc. ("MetLife")[1], by and through its attorneys, Nukk-Freeman & Cerra, P.C., and Defendant Oasis Outsourcing II, Inc. ("Oasis Outsourcing II, Inc."), by and through its attorneys, Fisher & Phillips, LLP, jointly petition this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Mercer County (hereinafter the "State

[1] Metropolitan Life Insurance Company is a wholly owned subsidiary of MetLife, Inc. Metropolitan Life Insurance Company and MetLife, Inc. are, individually and collectively, as applicable, referred to herein as "MetLife."

Court Action”), to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§1332, 1441 and 1446, and in support thereof, respectfully say:

1. On or about September 6, 2013, Plaintiff Debra Meehan (hereinafter “Plaintiff”) filed a Complaint against MetLife, Inc., Oasis Outsourcing II, Inc. and Jaraiedi Financial Group in the Superior Court of New Jersey, Law Division, Mercer County, Docket No.:MER-L-1890-13 (the “State Court Action”). A copy of the Complaint is attached hereto as part of Exhibit A.

2. MetLife was served a copy of a Summons and the Complaint filed in the State Court Action on October 2, 2013, which copy was sent by counsel for Plaintiff by regular and certified mail.

3. Oasis Outsourcing II, Inc. was served a copy of a Summons and the Complaint filed in the State Court Action on October 14, 2013.

4. Jaraiedi Financial Group is a d/b/a of MetLife. A Summons and the Complaint filed in the State Court Action was served on MetLife at its office at Jaraiedi Financial Group on October 17, 2013.

5. In the Complaint, Plaintiff alleges unlawful employment discrimination based on sex in violation of rights under N.J.S.A. § 10:5-1 et seq., the New Jersey Law Against Discrimination (“NJLAD”) (Count I), unlawful employment discrimination based on disability in violation of the NJLAD (Count II) and aiding and abetting unlawful employment discrimination in violation of the NJLAD (Count III). Plaintiff seeks reinstatement, compensatory damages, damages for emotional and physical distress, punitive damages, attorney fees and costs and an order declaring Defendants have violated the NJLAD and requiring them to take appropriate action to end discrimination in the workplace.

6. As of this date, no discovery has issued or commenced in the State Court Action.

7. According to the Complaint, Plaintiff resides at 2 Mason Court in the Township of Hamilton in the State of New Jersey, which is located in Mercer County.

8. Defendant MetLife, Inc. is a Delaware Corporation with its principal place of business located at 200 Park Avenue, New York, New York.

9. Metropolitan Life Insurance Company is a New York Corporation with its principal place of business located at 200 Park Avenue, New York, New York.

10. Defendant Jaraiedi Financial Group has been erroneously named and is not a separate or independent legal entity. Defendant Jaraiedi Financial Group is an office of MetLife. See 28 U.S.C.A. § 1332(c)(holding that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); Burton v. Marriott Int'l, Inc., 09 C 1100, 2010 WL 3397339, *1 (N.D. Ill. Aug. 23, 2010) (stating that "[d]oing business as" or "d/b/a" is a descriptive term referring to a corporation doing business under another name, and does not create a distinct legal entity."); Davis v. OneBeacon Ins. Grp., 721 F. Supp. 2d 329, 337 (D.N.J. 2010) (holding that a "defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship"); Gilbertson v. Hilton Worldwide, Inc., 12-5124 FLW DEA, 2013 WL 1352146, n3 (D.N.J. Apr. 2, 2013) (stating that d/b/a did not exist as a legal entity and did not impact diversity jurisdiction); Vassel v. Mariner Healthcare, Inc., CIV A. 4:06CV28-P-B, 2006 WL 1997395, *1 (N.D. Miss. July 13, 2006) (diversity jurisdiction not affected by purported d/b/a defendant that was not a legal entity and merely a trade name).

11. Defendant Oasis Outsourcing II, Inc. is a Florida Corporation with its principal place of business at 2054 Vista Parkway, Suite 300, West Palm Beach, Florida.

12. None of the defendants are incorporated in New Jersey or maintain a principal place of business in New Jersey.

13. This Court has original jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. § 1332. This action arises between citizens of different states and the amount in controversy is in excess of $75,000. Accordingly, Plaintiff's claims are removed to this Court pursuant to 28 U.S.C. § 1441(a).

14. Based on the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the District of New Jersey in that the action was filed in the Superior Court of New Jersey, Law Division, Mercer County.

15. This Joint Notice of Removal is filed in this Court within thirty (30) days after Defendant MetLife and Defendant Oasis Outsourcing II, Inc. first received notice of the State Court Action through service or otherwise. Removal, therefore, is timely.

16. Written notice of the filing of this Joint Notice of Removal has been given to all parties or their counsel.

17. All defendants who have been properly joined and served join and consent to the removal of this action.

18. A true and correct copy of this Joint Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County. <u>See</u> <u>Exhibit B</u>.

For the reasons set forth above, Defendants MetLife and Oasis Outsourcing II hereby jointly remove this action from the Superior Court of New Jersey, Law Division, Mercer County, to this Court.

Respectfully submitted,

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant MetLife, Inc.*

By: /s/ Kerrie R. Heslin

Kerrie R. Heslin, Esq.
NUKK-FREEMAN & CERRA, P.C.
Chatham Executive Center
26 Main Street, Suite 301
Chatham, NJ 07928
T: (973) 665-9100
Fax: (973) 665-9101
kheslin@nfclegal.com

FISHER & PHILLIPS, LLP
*Attorneys for Defendant*
*Oasis Outsourcing II, Inc.*

By: /s/ David E. Strand

David E. Strand, Esq.
FISHER & PHILLIPS, LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
T: (908) 516-1050
Fax: (973) 516-1051
dstrand@laborlawyers.com

Dated: October 31, 2013